IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARCUS ANTHONY MURRAY,
    Petitioner,

vs.                                        Case No. 5:11cv269/MMP/EMT

EDWIN BUSS,
    Respondent.
_____/

**O R D E R**

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1). He paid the filing fee but also filed a motion to proceed in forma pauperis (doc. 2). Because Petitioner paid the filing fee upon filing his petition, the motion to proceed in forma pauperis will be denied as moot.

It appears that transfer of this case to the Tallahassee Division is appropriate. Although Petitioner is currently incarcerated at the Bay Correctional Institution in Bay County, Florida, the habeas petition suggests that the conviction and sentence under attack was entered in the Circuit Court in and for Leon County, Florida (doc. 1 at 1). Leon County is in the Tallahassee division of this court.

Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).  Additionally, Rule 3.1(C) of the Local Rules for the Northern District of Florida provides that a case in which venue properly lies in this district may be transferred to another division by order of the court.

Title 28 U.S.C. § 636(b)(1)(A) allows a magistrate judge to determine any pretrial matter except for certain dispositive motions.  Local Rule 72.2 of the Northern District accords magistrate judges in this district virtually the same authority.  Transfers of venue in a case are not one of the named exceptions in the statute or the local rule.  Thus, because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority.  *See* Michelli v. City of Hope, No. 93 Civ. 7582, 1994 WL 410964, at *6 n.1 (S.D.N.Y. Aug. 4, 1994); Holmes v. TV-3, Inc., 141 F.R.D. 697 (W.D. La. 1991); *see also* Harris v. Edward Hyman Co., 664 F.2d 943, 945 & n.7 (5th Cir. 1981) (acknowledging that motion to remand case to state court may be referred to magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)).

In the instant case, the court considers it to be in the interest of justice to transfer this case to the Tallahassee Division of United States District Court for the Northern District of Florida.  *See* Parker v. Singletary, 974 F.2d 1562, 1582 and n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witness and ease of access to sources of proof when considering habeas transfer).

Accordingly, it is **ORDERED**:

1. Petitioner's motion to proceed in forma pauperis (doc. 2) is **DENIED** as moot.

2. The clerk of court shall forthwith transfer this action to the Tallahassee Division of this District for all further proceedings.

**DONE AND ORDERED** this 9th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:11cv269/MMP/EMT